PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1000
Kerry A. Brennan (KB-2400)



Attorneys for Plaintiff
VENTURA FOODS, LLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

VENTURA FOODS, LLC,

               Plaintiff,

    v.

SUPREME OIL COMPANY,
INCORPORATED a.k.a. ADMIRATION
FOODS,

              Defendant.

07 CV 7338

_____ Civ._____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff VENTURA FOODS, LLC (hereafter "Ventura Foods"), as and for its complaint, alleges as follows:

### NATURE OF THE ACTION

This is an action by Ventura Foods against Supreme Oil Company, Incorporated a.k.a. Admiration Foods (hereafter "Defendant") for federal trademark and trade dress infringement, federal false designation of origin, federal trade dress infringement, federal dilution, state trademark infringement, state dilution, state false advertising, state unfair competition, state interference with business, and state deceptive or misleading use of name.

### PARTIES

1.     Ventura Foods is a Delaware limited liability company having a place of business at 40 Point Drive, Brea, California 92821.

2.    Upon information and belief, Defendant is a Delaware corporation having a place of business at 80 South Dean Street, Englewood, N.J. 07631.

## JURISDICTION AND VENUE

3.    This action arises under 15 U.S.C. §§ 1051 et seq. and asserts related claims of trademark infringement, false designation of origin, trade dress infringement, dilution and pendent state claims as set forth more fully herein.

4.    This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338 and the pendent jurisdiction of the Court.

5.    This Court has personal jurisdiction over Defendant because Defendant does business in the State of New York.

6.    Venue lies in this district pursuant to 28 U.S.C. § 1391.

## DEMAND FOR JURY TRIAL

7.    Ventura Foods hereby demands a jury trial.

## FACTUAL BACKGROUND

Ventura and Its MEL-FRY® Product

8.    Plaintiff Ventura Foods is in the business of producing and selling a variety of food products, including shortenings, and oils.

9.    Beginning long prior to the acts complained of herein, Ventura Foods, through itself and its predecessors, has produced and sold vegetable-based liquid shortening in connection with the trademark MEL-FRY® (the "MEL-FRY® Mark"). Ventura Foods' MEL-FRY® product is sold in interstate commerce, and in this judicial district, to restaurants and other food service providers for use in frying foods.

10.    Ventura Foods owns a United States Patent and Trademark Office trademark registration for the MEL-FRY® Mark for vegetable shortening marketed in bulk quantities

(Registration No. 0774679). This registration was issued on August 4, 1964 and has achieved incontestable status.

11.    Ventura Foods' MEL-FRY® product is packaged in non-functional yellow plastic containers which bear the MEL-FRY® Mark and, together with the colors, color arrangement, logotype, and other design features of the label, overall convey a distinctive appearance (the "MEL-FRY® Trade Dress"). The MEL-FRY® Mark and MEL-FRY® Trade Dress are used as shown in Exhibit A, attached hereto.

12.    The slogan "The Long Lasting Liquid Frying Shortening" was first used by Ventura's predecessor in the 1950s and has continuously been used on Ventura's MEL-FRY® labels since as early as 1997.

13.    Long prior to the acts of Defendant complained of herein, Ventura Foods' MEL-FRY® Mark and MEL-FRY® Trade Dress became famous and distinctive of the MEL-FRY® product.

Defendant's Sale of Infringing MEGA-FRY Product

14.    Defendant produces and sells vegetable-based liquid shortening in commerce, and in this judicial district, using the trademark MEGA-FRY. Defendant's MEGA-FRY product is sold to restaurants and other foodservice providers for use in frying foods.

15.    Defendant packages its MEGA-FRY product in non-functional yellow plastic containers which bear the trademark MEGA-FRY and display the colors, color arrangement, logotype, and other design features of the label shown in Exhibit B, attached hereto. Defendant has applied to register its MEGA-FRY label with the United States Patent and Trademark Office ("USPTO"), which application is currently pending as Serial No. 78827774.

16.    Defendant, with its MEGA-FRY trademark and trade dress, intentionally and willfully copies and mimics Ventura Foods' MEL-FRY® trademark and trade dress.

17.    The MEGA-FRY trademark and trade dress are likely to cause confusion, mistake or deception regarding the origin, affiliation or relationship of Defendant's MEGA-FRY product with Ventura Foods and its MEL-FRY® product.

18.     On information and belief, Defendant has specifically targeted existing and prospective customers of Ventura Foods' MEL-FRY® product in an effort to confuse or deceive such customers into believing that Defendant's MEGA-FRY product originates with, is affiliated with, or is related to Ventura Foods and its MEL-FRY® product.

19.     On information and belief, Defendant has intentionally marketed and sold its MEGA-FRY product in the primary geographic sales and distribution areas for Ventura Foods' MEL-FRY® product. Such actions demonstrate Defendant's intentional efforts to confuse or deceive customers into believing that Defendant's MEGA-FRY product originates with, is affiliated with, or is related to Ventura Foods and its MEL-FRY® product.

20.     Defendant's label prominently displays the following: "The Longest Lasting Frying Oil." On information and belief, this statement is baseless, false and misleading, and is likely to cause confusion.

21.     Defendant's use of the MEGA-FRY trademark and trade dress is without Ventura Foods' consent and constitutes a use in commerce by Defendant of a reproduction, copy and/or colorable imitation of Ventura Foods' MEL-FRY® Mark and MEL-FRY® Trade Dress. Defendant has willfully continued its deceptive business practices and bad faith use of Ventura Foods' MEL-FRY® Mark and MEL-FRY® Trade Dress despite notice and warning from Ventura Foods.

22.     Defendant's unauthorized and wrongful use of the MEL-FRY® Mark and MEL-FRY® Trade Dress has damaged Ventura Foods; has caused a likelihood of consumer confusion, mistake, or deception; and has caused dilution of the MEL-FRY® Mark and MEL-FRY® Trade Dress.

## FIRST CLAIM FOR RELIEF

### (FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114)

23.     Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

700768569v2                                    - 4 -

24.    Defendant's actions, as alleged herein, are likely to cause confusion or to cause mistake or to deceive and constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (TRADEMARK AND TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a))

25.    Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

26.    Defendant's actions, as alleged herein, constitute false designation of origin and are likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Ventura Foods, or as to the origin, sponsorship, or approval of Defendant's goods by Ventura Foods, in violation of 15 U.S.C. § 1125(a).

## FOURTH CLAIM FOR RELIEF

### (TRADEMARK INFRINGEMENT IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW §360-k)

27.    Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

28.    Defendant's actions, as alleged herein, are likely to cause confusion or to cause mistake or to deceive, and constitute trademark and trade dress infringement in violation of New York General Business Law § 360-k.

## FIFTH CLAIM FOR RELIEF

### (DILUTION IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW §360-l)

29.    Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

30.    Defendant's actions, as alleged herein, are likely to cause irreparable injury to Ventura Foods' business reputation and to dilute the distinctive quality of Ventura Foods' trademark and trade dress in violation of New York General Business Law § 360-l.

<u>SIXTH CLAIM FOR RELIEF</u>

<u>(FALSE ADVERTISING IN VIOLATION OF
NEW YORK GENERAL BUSINESS LAW §350)</u>

31.    Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

32.    Defendant's actions, as alleged herein, are likely to mislead consumers in a material respect and constitute false advertising in violation of New York General Business Law § 350.

<u>SEVENTH CLAIM FOR RELIEF</u>

<u>(DECEPTIVE PRACTICE IN VIOLATION OF
NEW YORK GENERAL BUSINESS LAW § 349)</u>

33.    Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

34.    Defendant's actions, as alleged herein, are misleading in a material respect and constitute a deceptive act or practice in the conduct of business, trade, or commerce or in the furnishing of any service in New York, in violation of New York General Business Law § 349.

<u>EIGHTH CLAIM FOR RELIEF</u>

<u>(USE OF NAME WITH INTENT TO DECEIVE OR MISLEAD
IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 133)</u>

35.    Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

36.     Defendant's actions, as alleged herein, are likely to deceive or mislead the public regarding the Defendant's identity, are likely to deceive or mislead the public into believing that there is some connection between Defendant and Ventura Foods, and constitute a violation of New York General Business Law § 133.

### NINTH CLAIM FOR RELIEF

### (UNFAIR COMPETITION IN VIOLATION OF COMMON LAW)

37.     Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

38.     Defendant's actions, as alleged herein, constitute trademark and trade dress infringement and unfair competition in violation of New York common law.

### TENTH CLAIM FOR RELIEF

### (INTERFERENCE WITH BUSINESS IN VIOLATION OF COMMON LAW)

39.     Ventura Foods repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

40.     Defendant's actions, as alleged herein, constitute tortious interference with Ventura Foods' business in violation of New York common law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff VENTURA FOODS, LLC prays that this Court enter a Final Judgment against Defendant SUPREME OIL COMPANY a.k.a. Admiration Foods, as follows:

(1)     Pursuant to 15 U.S.C. § 1116 and New York law, that Defendant, Defendant's affiliates, and its/their respective officers, agents, relatives, servants, employees, attorneys, and all others in concert and/or participation with them, abandon U.S. Trademark Application Serial No. 78827774 and be preliminarily and permanently enjoined from:

A.     Using MEGA-FRY, the MEL-FRY® Mark, or any colorable imitation of the MEL-FRY® Mark, in or as any trademark or name, domain name, or in any other manner;

B.     Using the current MEGA-FRY trade dress, the MEL-FRY® Trade Dress, or any colorable imitation of the MEL-FRY® Trade Dress, in connection with any goods or services;

C.     Using the phrase "Longest Lasting Frying Oil" in connection with any goods or services;

D.     Filing or prosecuting any USPTO application or any other trademark application for the MEGA-FRY trademark or trade dress, or any confusingly similar trademark or trade dress;

E.     Diluting the distinctive quality of the MEL-FRY® Mark and MEL-FRY® Trade Dress or otherwise injuring or interfering with Ventura Foods' business, business reputation or goodwill; and

F.     Engaging in unfair competitive practices and acts that are likely to cause confusion between Ventura Foods and Defendant and/or their respective products;

(2)     Pursuant to 15 U.S.C. § 1117 and New York law, that Defendant account for, and pay to Ventura Foods, all of Defendant's profits, gains and advantages that are realized from Defendant's illegal conduct;

(3)     Pursuant to 15 U.S.C. § 1117 and New York law, that Ventura Foods be awarded all damages sustained by it which are attributable to Defendant's infringement of the MEL-FRY® Mark and MEL-FRY® Trade Dress, and for the torts committed against Ventura Foods, and that said damages be trebled;

(4)     Pursuant to 15 U.S.C. § 1117 and New York law, that Ventura Foods be awarded its costs of suit, expenses and reasonable attorneys' fees; and

(5)     That Ventura Foods have such other and further relief as the Court deems equitable and just in the circumstances.

Plaintiff demands a jury trial for all claims that are properly triable to a jury.

Dated: August 16, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _Kerry A. Brennan_
Kerry A. Brennan  (KB-2400)
1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Facsimile:  (212) 858-1500

Attorneys for Plaintiff

# EXHIBIT A



# EXHIBIT B





