# TIAJOLOFF & KELLY

CHRYSLER BUILDING, 37TH FLOOR
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

TEL. NO. 212-490-3285
FAX NO. 212-490-3295
E-MAIL: cpk@patentadvance.com

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/07

August 30, 2007

**By Hand/Fax 212-805-7949**
Hon. Judge P. Kevin Castel
Daniel Patrick Moynihan Courthouse
United States District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten endorsement: The parties are directed to appear before me on September 4, 2007 at 4PM to address scheduling. SO ORDERED. /s/ 8-30-07]*

Re: Ventura Foods LLC. v. Supreme Oil Company, Incorporated a.k.a. Admiration Foods (07 Civ. 7338) (PKC) (MHD)

Dear Judge Castel:

We represent the Defendant Supreme Oil Company Incorporated a.k.a., Admiration Foods in the referenced action.

This is a trademark infringement action in which the Plaintiff seeks the *extraordinary* remedy of a preliminary injunction to enjoin Defendant from selling a product under the trademark MEGA Fry Liquid Shortening The Longest Lasting Frying Oil Guaranteed, and its packaging design (trade dress) (the "Mega Fry" mark).

Plaintiff seeks this relief despite, as more fully discussed below, that:

(1) Upon information and belief, Plaintiff has known that Defendant's mark was in limited use for over a year, apparently without any confusion, before Plaintiff objected to its use;

(2) Our client, as part of its good faith settlement negotiations with Plaintiff, has ceased using the disputed mark in view of Plaintiff's objection and attempted in good faith to resolve the dispute by revising its packaging of the disputed product;

(3) Plaintiff waited almost 12 weeks from the date of its May 22, 2007 cease and desist letter to file its order to show cause; and

(4) Plaintiff was in settlement negotiations with our client, which led our client to believe that it could resolve the issue without expensive proceedings. This discussion failed, despite the fact that our client made at least two proposed revisions to its packaging. Our client now finds itself in a position in which it must defend this motion

The Court previously set a return date for Plaintiff's motion on the Preliminary Injunction of **September 12, 2007** at 10 am. The Court previously issued an Order that Defendant's opposition papers are to be served by **August 31, 2007**. Plaintiff's reply papers are due by **September 7, 2007** (Our client has not yet answered in this action with an answer due September 6, 2007).

### Defendant Seeks *Expedited* Discovery and an Extension of Time to Oppose Plaintiff's Motion

We are contacting the Court to request that the Court:

(1) set a period of *expedited* evidentiary discovery so that our client can properly defend this action on the merits (Plaintiff's claims and our client's defenses are particularly ripe for discovery); and

(2) grant Defendant additional time to prepare and file Defendant's opposition to Plaintiff's motion for a Preliminary Injunction.

This request will necessitate an extension for Plaintiff's reply papers, as well as the return date of Plaintiff's motion. Reset dates are proposed below. This is the first request for an extension of time.

Plaintiff, through counsel, advised that it does not consent to the extension requested herein. Plaintiff's counsel stated that it will not agree to the extension due to the fact that Plaintiff seeks expedited relief and because Plaintiff's counsel asserts that it sent a copy of the Order to Show Cause to Defendant's counsel in Chicago.

This extension is not made for purposes of delay and is warranted, as more fully discussed below, by (i) the fact that the issues raised by Plaintiff on its motion and the defenses that will be asserted by Defendant require discovery and sworn testimony before the court would be in a position to rule on the merits of the motion; (ii) our client's good faith in attempting to respond to Plaintiff's objections to our client's use of its Mega Fry trademark, including the fact that our client currently is refraining from use of its Mega Fry trademark, (iii) our client's good faith efforts in contacting Plaintiff regarding possible settlement, but with Plaintiff's promised response not forthcoming, (iv) our client's good faith intention to fully respond to Plaintiff's motion with valid defenses to this request for extraordinary relief, (v) our need for additional time to effectively represent our client and prepare opposing papers and declarations, and (vi) the lack of prejudice to Plaintiff that could result from the grant of this requested extension.

Case 1:07-cv-07638-PKC    Document 8    Filed 08/30/2007    Page 3 of 4

Tiajoloff and Kelly

Hon. Judge P. Kevin Castel 3
August 30, 2007

Specifically, the reasons for this extension are:

**Plaintiff's Motion is Late and Not Likely to Succeed**

Plaintiff's claim of infringement, as well as the defenses that will be raised by the Defendant, require discovery. *First*, Plaintiff's motion is late and Defendant requires the opportunity to conduct discovery as to when Plaintiff first learned of (i) this alleged infringement, (ii) Defendant's Federal trademark application for the disputed mark filed March 2, 2006, and (iii) the publication of Defendant's mark for opposition on September 27, 2006 and its subsequent allowance; and

*Second*, the merits of Plaintiff's claim cannot be decided without discovery of all of the factors relating to likelihood of confusion, including the strength of Plaintiff's mark and the proximate channels of trade of the parties and the relevant customers for the products. (Upon information and belief, Plaintiff has not conducted any survey which would demonstrate a likelihood of confusion. Without such a survey, it is doubtful that Plaintiff could meet the heavy burden needed to receive preliminary injunctive relief.)

**Our Client Has Acted In Good Faith**

Since the inception of Plaintiff's objection to our client's use of the Mega Fry trademark on May 22, 2007, our client has diligently attempted to resolve the issues raised by Plaintiff's motion for injunction through good faith settlement negotiations. Our client had only begun a very limited use of the Mega Fry mark over a year ago- long prior to Plaintiff's objection. Upon receiving Plaintiff's objection, our client stopped its limited use of the Mega Fry mark and offered to revise its packaging for its products in an attempt to alleviate Plaintiff's objections. Our client presented Plaintiff with proposed revised packaging on at least two occasions. On each occasion our client incurred graphics expenses to produce these proposed revisions. However, Plaintiff rejected our client's proposal.

Plaintiff subsequently filed the Complaint and order to show cause in this case on August 16, 2007, nearly 12 weeks after its initial objection to our client's use of its Mega Fry mark and over a year after our client's initial use of the complained mark and trade dress. Our client has continued to attempt to resolve the issues raised in the Complaint and advised us that it reasonably believed that it would receive a further settlement response from Plaintiff. However, despite our client's expectations to receive further communications from the Plaintiff on settlement, Plaintiff has not responded. Plaintiff promised to contact our client, but has not been forthcoming. Failing to receive a response, our client requested representation on Plaintiff's motion. Clearly our client's delay in seeking representation on the motion for preliminary injunction is based on its good faith belief that the matter could be resolved through settlement.

We can only effectively represent our client if we are given additional time to review Plaintiff's position on its request for this extraordinary relief and our client's good faith defenses-which include the fact that the U.S. Trademark Office allowed our client's

Tiajoloff and Kelly                              Hon. Judge P. Kevin Castel   4
                                                 August 30, 2007

Mega Fry trademark for registration. In fact, Plaintiff made no objection to our client's U.S. trademark application for the Mega Fry mark when it was filed over a year ago on March 2, 2006, and did not oppose the disputed mark when the U.S. Trademark Office published it for opposition on September 27, 2006. Additionally, Plaintiff delayed for almost 12 weeks from its initial objection on May 22, 2007 to request this extraordinary relief. Therefore, there is no immediate need for Plaintiff's requested relief, and Defendant's requests for discovery and an extension under these circumstances is reasonable.

**The Plaintiff Will Not Be Prejudiced By This Extension**

The preparation of a response to this claim for relief is, of course, a substantial undertaking which will require, *inter alia*, discovery and sworn statements from our client. Given the time constraints in which we have been asked to respond, we believe that our request for this extension is reasonable–particularly coupled with the fact, as stated above, that our client is not using the disputed trademark and therefore there could be no further prejudice to Plaintiff during the requested extension. In any event, our client's mark had been in limited use almost a year before Plaintiff's objection. This further extension will not prejudice Plaintiff.

In view of the foregoing, we request the following proposed extensions:

Parties to conduct expedited discovery commencing immediately;

| | |
|---|---|
| Defendant's Opposition to Plaintiff Motion to be served: | **October 17, 2007** |
| Plaintiff's Reply to Defendant's Opposition to be served: | **October 31, 2007** |
| Return Date: Evidentiary Hearing (to be set by the Court) | **November __, 2007** |

In view of the foregoing, we request that the Court grant the extensions requested herein.

Respectfully submitted,

Edward P. Kelly

cc: Kerry Brennan, Esq.
Counsel for Plaintiff Ventura Foods, LLC
Via fax and e-mail
Kerry.Brennan@Pilsburylaw.com