Edward P. Kelly (8340)
Tiajoloff & Kelly
The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212-490-3285 (PH)
212-490-3295 (F)
epk@patentadvance.com

Attorneys for Defendant
SUPREME OIL COMPANY, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -x
VENTURA FOODS, LLC
                     Plaintiffs,

-against-

SUPREME OIL COMPANY
INCORPORATED d/b/a
ADMIRATION FOODS,

                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No. 07 CV 7338

Honorable Judge P. Kevin Castel

Jury Trial Demanded

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Supreme Oil Company Inc. ("Supreme Oil"), by and through their attorneys, hereby answer Plaintiff's Complaint in the above-captioned matter, and assert affirmative defenses as follows:

### PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph one, and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. Defendant admits that federally registered trademark infringement actions do arise under 15 U.S.C. §§1051 et. seq. and that Plaintiff asserts related claims of alleged trademark infringement, alleged false designation of origin, alleged trade dress infringement, alleged dilution, and alleged state claims, but otherwise denies those allegations.

4. Admitted.

5. Admitted.

6. Admitted.

## DEMAND FOR JURY TRIAL

7. Defendant admits that Plaintiff purports to demand a jury trial, but otherwise denies this allegation.

## FACTUAL BACKGROUND

Ventura and its MEL-FRY Product

8. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph eight, and therefore denies them.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph nine, and therefore denies them.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph ten, and therefore denies them. Defendant further denies that Plaintiff owns valid trademark rights in the mark "MEL-FRY" and/or that Plaintiff owns a United States Patent and Trademark Office trademark registration for MEL-FRY and/or that Plaintiff's purported trademark registration is valid and has achieved incontestable status.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and therefore denies them. Defendant further denies that Plaintiff's product packaging is non-

functional and together with the colors, arrangement, logo type, and other design features of the label, referred to as the "MEL-FRY trade dress," convey a distinctive appearance, and is a protectable trade dress.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, and therefore denies them.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, and therefore denies them.

Defendant's MEGA-FRY Product

14. Defendant admits that it produces and sells vegetable-based liquid shortening in commerce but denies that it currently produces liquid shortening under its trademark MEGA-FRY. Defendant further denies that its liquid shortening product in conjunction with its MEGA-FRY mark is currently sold to restaurants and other foodservice providers for use in frying foods.

15. Defendant denies its MEGA-FRY product packaging is non-functional, but admits that its has applied to register its MEGA-FRY mark with the United States Patent and Trademark Office, which application has been allowed as Serial No. 78827774, and otherwise denies all of the allegations in Paragraph 15.

16. Defendant denies each and every allegation set forth in Paragraph 16.

17. Defendant denies each and every allegation set forth in Paragraph 17.

18. Defendant denies each and every allegation set forth in Paragraph 18.

19. Defendant denies each and every allegation set forth in Paragraph 19.

20. Defendant denies each and every allegation set forth in Paragraph 20.

21. Defendant denies each and every allegation set forth in Paragraph 21.

22. Defendant denies each and every allegation set forth in Paragraph 22.

ANSWER TO FIRST CLAIM FOR RELIEF

23. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

24. Defendant denies each and every allegation set forth in Paragraph 24.

## ANSWER TO SECOND CLAIM FOR RELIEF

25. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

26. Defendant denies each and every allegation set forth in Paragraph 26.

## ANSWER TO FOURTH CLAIM FOR RELIEF

27. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

28. Defendant denies each and every allegation set forth in Paragraph 28.

## ANSWER TO FIFTH CLAIM FOR RELIEF

29. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

30. Defendant denies each and every allegation set forth in Paragraph 30.

## ANSWER TO SIXTH CLAIM FOR RELIEF

31. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

32. Defendant denies each and every allegation set forth in Paragraph 32.

## ANSWER TO SEVENTH CLAIM FOR RELIEF

33. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

34. Defendant denies each and every allegation set forth in Paragraph 34.

## ANSWER TO EIGHTH CLAIM FOR RELIEF

35. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

36. Defendant denies each and every allegation set forth in Paragraph 36.

## ANSWER TO NINTH CLAIM FOR RELIEF

37. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

38. Defendant denies each and every allegation set forth in Paragraph 38.

## ANSWER TO TENTH CLAIM FOR RELIEF

39. Defendant repeats and incorporates its responses to Paragraphs 1 through 22 as if fully set forth herein.

40. Defendant denies each and every allegation set forth in Paragraph 40.

41. Defendant denies that Plaintiffs are entitled to any of the relief sought.

42. Except as expressly admitted, any remaining allegations of the Complaint are hereby denied by the Defendant.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

43. Upon information and belief, the Complaint, and each cause of action thereof, fails to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

44. Plaintiff has no standing to bring this action because it does not hold valid trademark and/or trade dress rights which were or are allegedly infringed.

### THIRD AFFIRMATIVE DEFENSE

45. Defendant did not infringe any alleged trademark and/or trade dress rights of Plaintiff and/or did not cause a likelihood of confusion or mistake in the marketplace; Defendant has not caused a likelihood of dilution of Plaintiff's trademark or trade dress alleged rights.

FOURTH AFFIRMATIVE DEFENSE

46. Plaintiff does not own any valid trademarks or trade dress with respect to the subject matter of this suit.

FIFTH AFFIRMATIVE DEFENSE

47. Even if Plaintiff has trademarks or trade dress, they have not acquired secondary meaning, and Plaintiff may not assert rights thereunder.

SIXTH AFFIRMATIVE DEFENSE

48. Even if Plaintiff has trademarks or trade dress, Plaintiff's trademarks or trade dress are not well known or distinctive.

SEVENTH AFFIRMATIVE DEFENSE

49. Even if Plaintiff has valid trademarks and trade dress, there is no likelihood of confusion or mistake with Defendant's products, and no likelihood of dilution of Plaintiff's trademark and/or trade dress.

EIGHTH AFFIRMATIVE DEFENSE

50. The Defendant is entitled to a fair use defense to the trademark, trade dress, unfair competition and related claims.

51. The Defendant's use of any mark product design and/or product configuration with Defendant's product is a fair use, a non-trademark use, and/or descriptive use and such use by Defendant is a permitted and legal use.

NINTH AFFIRMATIVE DEFENSE

52. Plaintiff's trademark and/or trade dress claims fail because Defendant did not copy Plaintiff's allegedly infringed trademark or trade dress.

TENTH AFFITMATIVE DEFENSE

    53. The Complaint should be dismissed by virtue of Plaintiff's unclean hands.

    54. Plaintiff's action in asserting baseless claims against Defendant is a misuse of Plaintiff's trademark registration and/or any common law trademark and/or trade dress rights that Plaintiff may have.

ELEVENTH AFFIRMATIVE DEFENSE

    55. The Complaint is barred by the doctrines of waiver, laches, and/or estoppel.

TWELFTH AFFIRMATIVE DEFENSE

    56. If there be any violation of any right of Plaintiff, which Defendant denies, such was unintentional and not deliberate or willful, and any alleged damage to Plaintiff is *de minimis*.

THIRTEENTH AFFIRMATIVE DEFENSE

    57. If and to the extent that Plaintiff has suffered any damages, such damage is not attributable to the Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE

    58. If there be any infringement, Defendant is innocent of any willful and/or deliberate conduct.

FIFTEENTH AFFIRMATIVE DEFENSE

    59. Plaintiff is barred from recovering attorney's fees and statutory damages.

SIXTEENTH AFFIRMATIVE DEFENSE

    60. This action has been commenced by Plaintiff in "bad faith.

SEVENTEENTH AFFIRMATIVE DEFENSE

61. The Defendants acted in good faith.

EIGHTEENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred, in whole or in part, by the actions or inactions of Plaintiffs.

NINETEENTH AFFIRMATIVE DEFENSE

63. No act or omission of Defendant caused Plaintiff to suffer any damages. At all relevant times, Defendant acted properly and in accordance with applicable laws.

TWENTIETH AFFIRMATIVE DEFENSE

64. To the extent that Plaintiff suffered any damages, Plaintiff failed to mitigate their damages.

TWENTY-FIRST AFFIRMATIVE DEFENSE

65. Defendant's acts or practices do not constitute false advertising, deceptive practices, unfair competition, interference with business, or use of name with intent to deceive or mislead.

TWENTY-SECOND AFFIRMATIVE DEFENSE

66. Defendants reserve the right to supplement these affirmative defenses.

JURY TRIAL DEMANDED

Defendant demands trial by jury on all issues triable to a jury.

WHEREFORE, Defendant prays:

    a. That the complaint be dismissed;

b. That judgment be awarded in favor of Defendant and against Plaintiff on each and every claim in the Complaint;

c. The Defendant be awarded reasonable attorneys fees and costs in connection with the defense of this civil action pursuant to 15 U.S.C. §1117;

d. That Plaintiff and its agents, officers, attorneys, representatives, and those acting in concert and/or privity with them be preliminary and permanently enjoined by this Court from suing, threatening to sue, or making any charges that Defendant has committed any acts of trademark infringement, trade dress infringement, unfair competition, dilution, deceptive practices, interference with business, or use of name with intent to deceive or mislead with respect to the subject matter of this suit;

e. That Defendant have and recover such other relief and/or further relief as the Court may deem proper and just; and

f. Defendant reserves the right to assert any affirmative defense or counterclaim which becomes available after further investigation or progress in this action.

DATED: New York, New York

9/5/07

Tiajoloff & Kelly

Edward P. Kelly (8340)
Attorneys for Defendant Supreme Oil Company

The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212-490-3285 (PH)
212-490-3295 (F)
epk@patentadvance.com

John Luther (JL 9588)
Amanda M. Roach (AR 4758)
Attorneys for Defendant Supreme
Oil Company

Ladas & Parry LLP
224 S. Michigan Ave.
Chicago, IL 60604
312 427-1300 (PH)
312 427- 6663 (F)
jluther@ladas.net
Amanda.Roach@ladas.net
