# TIAJOLOFF & KELLY

CHRYSLER BUILDING, 37TH FLOOR
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

TEL. NO. 212-490-3285
FAX NO. 212-490-3295
E-MAIL: epk@patentadvance.com

**MEMO ENDORSED**



September 11, 2007

**By Hand/Fax 212-805-7949**
Hon. Judge P. Kevin Castel
Daniel Patrick Moynihan Courthouse
United States District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/07

Re: Ventura Foods LLC. v. Supreme Oil Company, Incorporated a.k.a. Admiration Foods (07 Civ. 7338) (PKC) (MHD)

Dear Judge Castel:

We represent the Defendant Supreme Oil Company Incorporated a.k.a., Admiration Foods in the referenced action.

This is a trademark infringement action in which the Plaintiff seeks the *extraordinary* remedy of a preliminary injunction to enjoin Defendant from selling a product under the trademark MEGA Fry Liquid Shortening The Longest Lasting Frying Oil Guaranteed, and its packaging design (trade dress) (the "Mega Fry" mark).

We are replying to the letter to the Court from Plaintiff's counsel Kerry Brennan, Esq. of today's date regarding the parties alleged failure to agree to a document production date in the expedited discovery. Plaintiff seeks the Court to order document production of both parties on or before September 17, 2007. We oppose and note that unfortunately, the document production date issue is not the only significant disagreement regarding the progress of expedited discovery.

The parties have negotiated numerous aspects of this expedited discovery and reached numerous agreements which have been incorporated in Kerry Brennan's *other* letter to the Court under today's date. However, it has become apparent during the course of these negotiations that Plaintiff's position on document production is driven *solely* by the fact that it maintains that (i) its client is only available on one date for a Rule 30(b)6 deposition between now and the hearing date of October 17, 2007 and (ii) that deposition must take place in Los Angeles, California. Specifically, Plaintiff has advised us that it cannot present a witness for its deposition on any date other than September 18, 2007 and the witness will only appear in Los Angeles, California. Essentially, the Plaintiff, a company with over one billion dollars in sales, seeks the extraordinary relief of a

Tiajoloff and Kelly                                    Hon. Judge P. Kevin Castel   2
                                                       Sept. 11, 2007

preliminary injunction in New York but is only available on one specific date for deposition and will not travel to New York to support its claim for relief. Plaintiff expects that Defendant should bear the burden and expense of discovery on Plaintiff's claim for extraordinary relief in Los Angeles –although Plaintiff seeks relief in this forum.

Plaintiff's *related* position is that since its witness is only available early in the expedited discovery period, namely September 18 and Plaintiff will produce its documents September 17, 2007, Defendant should produce its documents on that date. However, this timing is unreasonably forced on Defendant by Plaintiff's inability or unwillingness to present it witness at any time but September 18, 2007. The impact of this, of course, is that Defendant would receive Plaintiff's documents less than 24 hours before the deposition of Plaintiff's witness while Plaintiff would have two weeks to peruse Defendant's documents prior to September 25, 2007-- the date on which Defendant offered to present its Rule 30(b)6 deposition witness. Finally, it is more understandable that Plaintiff- as opposed to Defendant -would be in a position to produce its documents on September 17, 2007 since Plaintiff has been preparing for an injunction hearing for about a month.

Our also client needs additional time beyond September 17 to produce its documents because of the absence of key employees during the upcoming religious holiday commencing September 12, 2007. Plaintiff served its document request September 7 and, therefore, Defendant would have a total of four working days (two of which are business days) to produce these documents. Further, one of our client's critical defenses to Plaintiff tradedress claim is that the yellow color of Plaintiff's tradedress is not unique in the market. Our client needs additional time to gather this third party evidence and test Plaintiff's knowledge of it through deposition. Our client will not have all of this evidence before September 18.

Plaintiff's claim that it must receive Defendant's documents two weeks before its October 1 *supplemental* submission does not outweigh the burden on Defendant to produce the documents solely on Plaintiff's schedule. Plaintiff has already filed extensive submissions. One week should be sufficient to file a supplemental submission as to facts gleaned from the documents and deposition of Defendant

We spent Monday September 10 trying to work these issues out with Kerry Brennan, Esq. but were not successful.

Defendant's request the following relief:

--that the Court allow until September 22, 2007 for document production;

--that both Plaintiff and Defendant appear for deposition in New York City on September 25, 2007

Tiajoloff and Kelly                                  Hon. Judge P. Kevin Castel   3
                                                     Sept. 11, 2007

    Alternatively, if Plaintiff will not let Defendant proceed on a reasonable discovery schedule due to the unavailability of Plaintiff's witness, then the Court should extend the discovery dates for expedited relief.

Respectfully submitted,

*Edward Kelly* (signature)

Edward P. Kelly

cc: Kerry Brennan, Esq.
Counsel for Plaintiff Ventura Foods, LLC
Via fax and e-mail
Kerry.Brennan@Pilsburylaw.com

*Upon further consideration, I will allow defendant until September 22 on its document production. In all other respects, the scheduling order shall remain in place.*

*SO ORDERED.*

*[signature]*
*USDJ 9-12-07*