John P. Luther (JL 9588)
Amanda M. Roach (AR 4758)
Ladas & Parry LLP
224 S. Michigan Avenue, Suite 1600
Chicago, IL 60604
312-427-1300 (PH)
312-427-6663 (F)

Edward P. Kelly (8340)
Tiajoloff & Kelly
The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212-490-3285 (PH)
212-490-3295 (F)
epk@patentadvanco.com

Attorneys for Defendant
SUPREME OIL COMPANY, INC.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
VENTURA FOODS, LLC          :
                            :   Case No. 07 CV 7338
            Plaintiff,      :
                            :   Honorable Judge P. Kevin Castel
    -against-               :
                            :
SUPREME OIL COMPANY         :
INCORPORATED d/b/a          :
ADMIRATION FOODS,           :
                            :
            Defendant.      :
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, it appears that the preparation and trial of this action will require the discovery of documents and information claimed by the parties to contain or be proprietary, trade secrets or other confidential information; and

WHEREAS, it appears that the ends of justice will be served by entry of an agreement setting forth procedures governing the discovery and use of such confidential information; and

NOW, THEREFORE, upon consideration of the record and proceedings herein, the stipulation of the parties, and pursuant to the provision of Rule 26(a) of the Federal Rules of Civil Procedure,

IT IS HEREBY AGREED AND ORDERED that:

1. All documents produced and all information obtained through discovery in this action (the "Litigation") designated as "Confidential," "Strictly" Confidential," or "Confidential – Attorneys' Eyes Only"(as provided below) shall be used by the parties receiving it only for the purposes of preparing for and conducting the Litigation.

2. In connection with discovery proceedings in the Litigation, any party may: (a) designate any document, material or information as "Confidential" under the terms of this Stipulation if such party in good faith believes that such document, material or information constitutes or reveals confidential trade secrets or other proprietary business information which requires the protections provided in this Stipulation; (b) designate any document, material or information as "Strictly Confidential" under the terms of this Stipulation if such party believes in good faith that such document, material or information is of such competitive sensitivity that the protections afforded by this Stipulation and order with respect to material designated "Confidential" are inadequate; and (c) designate any document,

material or information as "Confidential – Attorneys' Eyes Only" under the terms of this Stipulation if such party believes in good faith that such document, material or information is of such competitive sensitivity that the protections afforded by this Stipulation and order with respect to material designated "Confidential" or "Strictly Confidential" are inadequate. Before disclosure of any materials designated as provided above, such Qualified Persons shall be provided with a copy of this Stipulation and agree to by bound by it. The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of any materials designated as provided above;

3. Any documents or other tangible material designated as "Confidential," "Strictly Confidential" or "Confidential – Attorneys' Eyes Only" shall be so designated by stamping the same with the legend "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" or a similar legend at the time of their production. Inadvertent failure to designate material as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" may be corrected by supplemental written notice.

4. Any deposition or other testimony may be designated as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" by any one of the following means: (a) stating orally on the record of a deposition that certain information or testimony is "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only"; or (b) sending written notice designating information as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" within: three (3) days after the transcript is received by such party, if such transcript is received prior to the hearing date for Plaintiff's motion for a Preliminary Ininjunction or within five (5) days of the receipt of such transcript if such

transcript is obtained after the hearing date for Plaintiff's motion for Preliminary Injunction.

5. Documents or materials, including portions of deposition transcripts, designated as "Confidential" or information derived therefrom may only be disclosed or made available to "Qualified Persons" who are defined to consist exclusively of:
   (a) The Court (in the manner provided by paragraph 8 hereof);
   (b) Outside counsel to the parties who have entered appearances in this action and attorneys, clerical and paralegal and secretarial staff employed by such counsel;
   (c) Court reporters employed in connection with the Litigation; and
   (d) Parties and officers, directors, partners or employees of the parties necessary to the prosecution or defense of the Litigation.

6. Documents or material, including portions of deposition transcripts, designated as "Strictly Confidential" may be disclosed or made available by the party receiving such information only to the following persons:
   (a) The Court (in the manner provided by paragraph 8 hereof);
   (b) Outside counsel to the parties in the Litigation who have entered appearances in this action attorneys, clerical, paralegal and secretarial staff employed by such counsel and in-house counsel overseeing the Litigation on behalf of the parties; and
   (c) Court reporters employed in connection with the Litigation.

7. Documents or material, including portions of deposition transcripts, designated as "Confidential – Attorneys' Eyes Only" may be disclosed or made available by the party receiving such information only to the following persons:
   (a) The Court (in the manner provided by paragraph 8 hereof);

    (b) Outside counsel to the parties in the Litigation who have entered appearances in this action attorneys, clerical, paralegal and secretarial staff employed by such counsel; and

    (c) Court reporters employed in connection with the Litigation.

8. If documents, material (including portions of deposition transcripts) or other information designated as "Confidential," "Strictly Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to any of the provisions hereof are "to be included in any papers to be filed in court, such papers shall be labeled as "Confidential Subject to Court Order" or such other similar labeling as the Court may require and filed under seal if allowed to do so by the Court.

9. At the conclusion of the Litigation, all documents, material or other information designated as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" as well as all copies of same, at the option of the producing party, either be promptly returned by the receiving party to the producing party or destroyed, with the receiving party certifying in writing to the producing party that such documents have been destroyed. To the extent that documents prepared by the parties or their counsel, whether filed with the court, incorporate material or information designated "Confidential," "Strictly Confidential", or "Confidential – Attorneys' Eyes Only", the receiving party shall destroy those portions of the documents contain such material or information and certify in writing to the producing party that such portions have been destroyed.

10. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as work-product and no

party shall be held to have waived any rights by such inadvertent production.

11. Nothing herein shall waive any privilege any party may have with respect to discovery.

12. No producing party shall object to a party exhibiting, during deposition or trial proceedings, any material designated as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" to any deponent or witness who is a Qualified Person; provided, however, any person who is not a Qualified Person shall need to remove himself or herself from the deposition or trial proceedings if such material is used but only during the period of time in which such material is used.

13. If the attorneys of record in this action for any receiving party object to the designation of any documents or information as "Confidential," "Strictly Confidential" or "Confidential – Attorneys' Eyes Only" those attorneys shall so notify (the "Notice") the attorneys for the producing party in writing. The Notice shall attach a copy of each subject document or shall identify each subject document or shall identify each subject document by production number or other appropriate designation and shall (a) state that the receiving party objects to the designation of such document as "Confidential," "Strictly Confidential", or "Confidential – Attorneys' Eyes Only" (b) set forth the reasons for such objection and (c) name the particular person to whom disclosure is sought to be made. If the producing party objects to the proposed disclosure with ten business days after receipt of the written notice, the receiving party may seek a hearing before the Court with respect to the proprietary of the designation and the producing party will cooperate in obtaining a prompt hearing with respect thereto. Until the court rules on the receiving party's application, the

documents and information in question shall not be disclosed by the receiving party to the person specified in the Notice.

14. In addition to the provisions of paragraphs 5, 6, and 7 above, "Confidential," "Strictly Confidential" or "Confidential – Attorneys' Eyes Only" material or information may be disclosed or made available to a consultant or expert retained solely for the Litigation by the receiving party proposing to make such disclosure; Provided that such consultant or expert is not (a) advising any business competitor of the producing party or (b) advising the receiving party seeking to make such disclosure with respect to any of the parties hereto, other than solely in connection with the Litigation; and further provided that such consultant or expert agrees in writing to be bound by the terms and conditions of this Stipulation (including, without limiting the generality of the foregoing, paragraph 8 hereof); agrees to consent to the jurisdiction of this Court for the purposes of enforcement of the terms of this Stipulation; and agrees not to disclose or use such material or information for purposes other than the Litigation.

15. In the event that a party possessing documents, material or other information designated as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" pursuant to this Stipulation is lawfully served with a valid and enforceable subpoena by a court of competent jurisdiction, which subpoena seeks production of such documents, material or other information designated as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" received from another party, such party shall immediately notify the producing party. If the producing party files a motion for a protective order with regard to the requested documents, material or information, the subpoenaed party shall not produce any of the subpoenaed documents, materials or information other than pursuant to the terms and conditions of an order entered by the court to whom the motion is directed.

16. Each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties for good cause.

17. This Stipulation and order shall be effective immediately and shall survive the conclusion of this action; any Qualified Person who received or was given access to material or other information designated as "Confidential," "Strictly Confidential," or "Confidential – Attorneys' Eyes Only" pursuant to this Stipulation shall have a continuing obligation to maintain such information and knowledge obtained therefrom in a confidential manner.

DATED: New York, New York
*September 24, 2007*

Tiajoloff & Kelly

*Edward Kelly*

Edward P. Kelly (8340)
Attorneys for Defendant Supreme Oil Company

The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212-490-3285 (PH)
212-490-3295 (F)
epk@patentadvance.com

John Luther (JL 9588)
Amanda M. Roach (AR 4758)
Attorneys for Defendant Supreme
Oil Company

Lades & Parry LLP
224 S. Michigan Ave.

SEP-24-2007 15:46 From:TIAJOLOFF KELLY    2124903295    To:212 858 2391    P.10/10

Chicago, IL. 60604,
312 427-1300 (PH)
312 427- 6663 (F)
jluther@ladas.net
Amanda.Roach@ladas.net

PILLSBURY WINTROP SHAW PITTMAN LLP

*Kerry A. Brennan*

Kerry A. Brennan (KB-2400)
1540 Broadway New York, New
York New York 10036-4039
212 858 1723

*The Addendum of this date is incorporated as an integral part of this Order.*

So Ordered

_____
U.S.D.J.

9-28-07

ADDENDUM TO ORDER
REGARDING SEALING
06 Civ 7338(PKC)

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)( "Amodeo I ") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

SO ORDERED.

                                   P. Kevin Castel
                                   United States District Judge

Dated: New York, New York
          September 28, 2007