PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1723
Kerry A. Brennan (KB-2400)

Attorneys for Plaintiff
VENTURA FOODS, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENTURA FOODS, LLC,<br><br>       Plaintiff,<br><br> v.<br><br>SUPREME OIL COMPANY,<br>INCORPORATED a.k.a. ADMIRATION<br>FOODS,<br><br>       Defendant. | **07 CV 7338 (PKC) (MHD)** |

**MEMORANDUM IN SUPPORT OF**

**APPLICATION TO SEAL**

Plaintiff Ventura Foods, LLC ("Ventura") requests permission to seal documents filed in support of its request for a preliminary injunction against defendant Supreme Oil Company, Incorporated a.k.a. Admiration Foods ("Supreme"), in accordance with the 9/28/07 Stipulation and Order for the Production and Exchange of Confidential Information ("9/28/07 Stipulation and Order"). Ventura submits the accompanying Affidavit Attesting to Confidentiality of Excerpts from Michael Leffler's Deposition of Tuesday, September 25, 2007 and Documents Submitted Pursuant to the Protective Order ("Luther Aff.") in support of this application.

On September 28, 2007, the parties filed a stipulated protective order with the Court. Luther Aff. ¶ 1. The stipulation provides that in "connection with discovery proceedings in the Litigation, any party may designate any document, material or information" as "Confidential," "Strictly Confidential" or "Confidential – Attorneys' Eyes Only." 9/28/07 Stipulation and Order ¶ 2. The stipulation further provides:

> If documents, material (including portions of deposition transcripts) or other information designated as 'Confidential,' 'Strictly Confidential' or 'Confidential – Attorneys' Eyes Only' pursuant to any of the provisions hereof are to be included in any papers to be filed in court, such papers shall be labeled as 'Confidential Subject to Court Order' or such other similar labeling as the Court may require and filed under seal if allowed to do so by the Court.

*Id.* ¶ 8.

> In approving the stipulation, the Court added the following:
>
> [N]o document may be filed with the Clerk under seal without a further Order of this Court. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).

9/28/07 Stipulation and Order.

700837596v2

Pursuant to the parties' stipulation, counsel for Supreme designated a number of documents as "Confidential – Attorneys' Eyes Only," including two business documents entitled "Customer's Invoice Tracking Data" (SU 100164-69) and "Customer/Item Sales Report" (SU 100195-96), respectively. *See* Luther Aff. ¶ 1. Counsel for Supreme also designated the entire deposition transcript of Michael Leffler, Supreme's President and Rule 30(b)(6) witness, as either "Confidential" or "Confidential – Attorneys' Eyes Only." *Id.* ¶¶ 1-2. In response to a request from Ventura, Supreme provided Ventura with an affidavit in support of the documents that Supreme had designated as "Confidential" or "Confidential – Attorney's Eyes Only." *See* Luther Aff.

The standard for granting a motion to file under seal is that the factors in favor of sealing must outweigh the presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Factors that have satisfied this standard of good cause in the past include the protection of confidential commercial information and the privacy interests of involved parties. *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("*Amodeo I*"). The presumption is less compelling where the documents to be filed do not determine a final adjudication or are tangential to the Court's exercise of its core judicial duties. *Lugosch*, 435 F.3d at 121.

Where parties have entered into a confidentiality stipulation, the designation of a document as confidential is subject to the Court's review. *Loussier v. Universal Music Group, Inc.*, 214 F.R.D. 174, 176 (S.D.N.Y. 2003). The moving party must provide factual evidence that satisfies the standard for motions to file under seal and demonstrates valid concerns about confidentiality. *Id.* at 176-77. Parties may not use confidentiality stipulations to seal documents

indiscriminately, but rather only those that present legitimate privacy concerns. *Lachica v. City of New York*, No. 94 Civ. 7379, 1995 WL 77928, at *1 (S.D.N.Y. Feb. 23, 1995).

Supreme represents that the documents it has designated contain trade secrets and other proprietary business information, the disclosure of which would harm Supreme's business. Luther Aff. ¶¶ 3-4. Protection of confidential commercial information has outweighed the presumption in favor of public access where disclosure would jeopardize a business's ability to compete. *See In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (courts have refused to permit their files to serve as "sources of business information that might harm a litigant's competitive standing"). Further, Ventura's submission affects only a preliminary injunction, and preliminary relief does not constitute "final adjudication" of a claim. *Unite Here v. Cintas Corp.*, 500 F. Supp. 2d 332, 337 (S.D.N.Y. 2007).

For the foregoing reasons, Ventura respectfully requests that the Court grant this application to seal.

Dated: October 9, 2007

                                      PILLSBURY WINTHROP SHAW PITTMAN LLP

                                      By: *Kerry A. Brennan*
                                            Kerry A. Brennan (KB-2400)
                                      1540 Broadway
                                      New York, NY 10036-4039
                                      (212) 858-1000

                                      Attorneys for Plaintiff
                                      Ventura Foods, LLC