John P. Luther (JL 9588)
Amanda M. Roach (AR 4758)
Ladas & Parry LLP
224 S. Michigan Avenue, Suite 1600
Chicago, IL 60604
312-427-1300 (PH)
312-427-6663 (F)

Edward P. Kelly (8340)
Tiajoloff & Kelly
The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212 -490-3285 (PH)
212-490-3295 (F)
epk@patentadvance.com

Attorneys for Defendant
SUPREME OIL COMPANY, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
VENTURA FOODS, LLC
                                             :     Case No. 07 CV 7338
                Plaintiff,
                                             :
                                                   Honorable Judge P. Kevin Castel
        -against-
                                             :
SUPREME OIL COMPANY
INCORPORATED d/b/a                           :
ADMIRATION FOODS,
                                             :
                Defendant.
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

**AFFIDAVIT ATTESTING TO CONFIDENTIALITY OF EXCERPTS FROM
MICHAEL LEFFLER'S DEPOSITION OF TUESDAY, SEPTEMBER 25, 2007
AND DOCUMENTS SUBMITTED PURSUANT TO THE PROTECTIVE ORDER**

I, JOHN P. LUTHER, declare under penalty of perjury:

1) As per the Order of the Court, the following materials have been designated as CONFIDENTIAL – ATTORNEYS EYES ONLY for the purposes of this litigation, pursuant to the Stipulated Protective Order filed with the Court on September 28, 2007:

    a. Portions of Michael Leffler's deposition of September 25, 2007, pages 34 through 41 of the deposition transcript; and

    b. Documents submitted pursuant to document production, namely, Supreme Oil documents bates numbered SU 100164 through SU 100196.

2) As per the Order of the Court, the following materials have been designated as CONFIDENTIAL for the purposes of this litigation pursuant to the Stipulated Protective Order filed with the Court on September 28, 2007:

    a. Portions of Michael Leffler's deposition of September 25, 2007, pages 1 through 33, and pages 42 through 120.

3) Regarding the materials designated as CONFIDENTIAL – ATTORNEYS EYES ONLY, I address the reasons each was designated as such in turn.

    a. Portions of Michael Leffler's deposition have been designated as such due to the topics discussed during this portion of the deposition. Specifically, the material discussed therein reveals confidential trade secrets and other proprietary business information which requires the protections provided in the protective order and that the information is of such competitive sensitivity that the protections of a "Confidential" or "Strictly Confidential" designation are inadequate. In his deposition, Mr. Leffler disclosed the identity of his artist and his practices for labeling and branding each product developed by Supreme Oil as well as the whereabouts of all previous label drafts for the MEGA-FRY mark and product. Such "branding" development is a key factor in successful business development and competitive ability. Any disclosure of the aforementioned materials to any member not designated in the protective order would be disadvantageous and harmful to the business of Supreme Oil Company, Inc.

    b. In addition, Supreme Oil has submitted several documents designated with the highest level of confidentiality as information provided therein reveals confidential trade secrets and other proprietary business information which requires the protections provided in the protective order and that the

information is of such competitive sensitivity that the protections of a "Confidential" or "Strictly Confidential" designation are inadequate. Specifically, the documents numbered SU 11064 through SU 10096 reveal customer identity as well as pricing information, quantities sold and other highly important distribution information. Any disclosure of the aforementioned information to any member not designated in the protective order would be disadvantageous and harmful to the business of Supreme Oil Company, Inc.

4) Portions of Mr. Leffler's deposition have been designated CONFIDENTIAL as the material discussed therein reveals confidential trade secrets and other proprietary business information which requires the protections provided in the protective order. Specifically, Mr. Leffler discussed the inner-workings of his business, Supreme Oil Company, Inc., its selling territory, its assets, branding strategy, pricing schemes, customer bases and other highly coveted and protected trade secrets and business practices that must be kept confidential. Any disclosure of the aforementioned materials to any member not designated in the protective order would be disadvantageous and harmful to the business of Supreme Oil Company, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 8, 2007

_____
John P. Luther
Ladas & Parry LLP
224 South Michigan Avenue
Suite #1600
Chicago, IL  60604
PH: 312 427 1300
FX: 312 427 6663