**TIAJOLOFF & KELLY**

CHRYSLER BUILDING, 37TH FLOOR
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

TEL. NO. 212-490-3285
FAX NO. 212-490-3295
E-MAIL: epk@patentadvance.com

USPS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/07

# MEMO ENDORSED

October 9, 2007

*[handwritten endorsement]*

**By Hand/Fax 212-805-7949**

Hon. Judge P. Kevin Castel
Daniel Patrick Moynihan Courthouse
United States District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Ventura Foods LLC. v. Supreme Oil Company, Incorporated a.k.a.
Admiration Foods (07 Civ. 7338) (PKC) (MHD)

Dear Judge Castel:

We represent the Defendant Supreme Oil Company Incorporated a.k.a., Admiration Foods in the referenced action.

This is a trademark infringement action in which the Plaintiff has moved for a preliminary injunction, and the Court has ordered expedited discovery and set a hearing date of October 24, 2007 or the Court's earliest date thereafter.

We are contacting the Court to address Plaintiff's failure to respond to Defendant's discovery requests.

## Background

The Court previously issued an Order of September 12, 2007 instructing the parties to meet fact to face to attempt to resolve discovery disputes and file a joint submission as to the points the parties could not resolve. Defendant's counsel brought these discovery deficiencies to Plaintiff's attention by letter of September 26, 2007 (copy enclosed with the confirmation copy of this letter) and Counsel for the parties met in person to attempt to resolve certain discovery issues on October 8, 2007, but were unable to resolve the disputes raised in this letter.

The undersigned is not at this time submitting a joint letter to the Court because:

(1) although one of the Defendant's counsel, John Luther, Esq., invited Plaintiff's counsel to participate in a joint letter *today,* Plaintiff's counsel declined to do so on the grounds that

Tiajoloff and Kelly                                     Hon. Judge P. Kevin Castel    2
                                                       October 9, 2007

Plaintiff was filing its supplemental papers today and it only had the remaining time today for other matters in its office and not this matter; and

(2) there is an urgency to the resolution of this discovery dispute as the deposition of Plaintiff is set to proceed on **Thursday, October 11, 2007** in Los Angeles, California and Defendant's position is that it is entitled to have the requested documents prior to such deposition.

### Defendant's Positions on Plaintiff's Failure to Produce Requested Documents

Plaintiff's have wholly failed to respond to Defendant's document requests relating to critical factual issues raised by Plaintiff's motion for a preliminary injunction as well as Defendant's asserted defenses. (Copies of Defendant's requests containing Plaintiff's responses are attached to this letter.)

As more fully discussed below, Plaintiff's failed to produce documents on factual issues it will be asserting before this Court as well as failed to produce requested documents on Defendant's contention that Plaintiff unreasonably delayed bringing this motion for preliminary injunction. Given Plaintiff's failure to respond to discovery, the Court should:

(1) deny Plaintiff's motion for a preliminary injunction or, in the alternative;

(2) either

(a) preclude Plaintiff from asserting certain claims or responding to certain of Defendant's asserted defenses, including the assertion that Plaintiff unreasonably delayed in bringing this motion for immediate injunctive relief, or

(b) preclude Plaintiff from introducing at the hearing of October 24, 2007 any documents which were requested but not produced to Defendants, or

(c) order that Plaintiff produce the documents and that Plaintiff's deposition scheduled for October 11, 2007 be delayed or continued until such documents are produced.

### Plaintiff's Unreasonable Delay in Bringing its Motion-
### And its Failure to Produce Requested Documents

Defendant's position is that Plaintiff unreasonably delayed in bringing this preliminary injunction motion. In fact, Plaintiff will acknowledge that it knew of Defendant's adoption of the alleging infringing MEGA-FRY mark as early as February 23, 2007, nearly six months before it brought its motion for immediate relief on August 17, 2007.

Tiajoloff and Kelly                                                           Hon. Judge P. Kevin Castel    3
                                                                              October 9, 2007

It is highly likely that Defendant knew of Defendant's intention to use MEGA-FRY
even earlier because Defendant filed a trademark application for MEGA FRY on March 2,
2006 which published for opposition on October 17, 2006. Given the fact that Plaintiff
alleges that the parties are competitors, and that Plaintiff has in the past objected to others'
trademark filings, it is likely that there are documents relating to Plaintiff's earlier
knowledge. Therefore, Defendants have asked for all documents relating to Defendant's
contention that plaintiff unreasonably delayed (see Defendant's Requests Nos. 1-9)
including documents relating to Plaintiff's first knowledge of Defendants' use of MEGA-
FRY. Plaintiff in its responses acknowledges that such documents exist but has refused to
produce them asserting the attorney client privilege and work doctrine. However, Plaintiff
also refused to produce a log in accordance with Local Civil Rule 26.2 listing the nature of
these documents. Plaintiff cannot hide behind an asserted privilege or work product without
producing such a log. In the event that Plaintiff refuses to produce the documents or the
log, the Court should dismiss the motion for preliminary injunction as untimely.

## Mr. Splane's declaration- Plaintiff's Failure to Produce Supporting Documentation

Plaintiff submitted the declaration of Mr. Terry Splane, Vice President of
Marketing of Plaintiff in support of its motion. The declaration contained numerous factual
allegations (as well as opinions of Mr.. Splane as to trademark infringement) relating to
Plaintiff's trademark rights and the extent of its sale of its MEL-FRY oil. Defendants have
simply requested the documents that support these allegations. see Defendant's Request
No. 17). However, in numerous instances Plaintiff have not produced these supporting
documents.

Defendant's position is, *inter alia,* that if Plaintiff will not produce the responsive
documents, Plaintiff should be precluded from introducing any document supporting Mr.
Splane's declaration at the preliminary injunction hearing that was not produced to
Defendant.

## Plaintiff Has Failed to Produce Documents On Its Claim That The Respective Parties' Products Move In The Same Channels of Trade

The lynchpin of Plaintiff's claim of trademark infringement is that relevant
customers would be likely to be confused by Defendant's entry in the marketplace with
Defendants Mega-Fry mark and tradedress. Therefore, Defendants have requested
documents sufficient to identify the customers and potential customers to which Plaintiff
sells its Mel-Fry products. Plaintiff has refused to provide such documents even on an
attorney eyes only basis as provided for in the protective order. (see Request No. 14).

Given Plaintiff's failure to comply with court ordered discovery, Defendant requests that
the Court:

Tiajoloff and Kelly                                          Hon. Judge P. Kevin Castel   4
                                                             October 9, 2007

(1) deny Plaintiff's motion for a preliminary injunction or, in the alternative;

(2) either

(a) preclude Plaintiff from asserting certain claims or responding to certain of Defendant's
asserted defenses, including the assertion that Plaintiff unreasonably delayed in bringing
this motion for immediate injunctive relief, or

(b) preclude Plaintiff from introducing at the hearing of October 24, 2007 any documents
which were requested but not produced to Defendants, or

(c) order that Plaintiff produce the documents and that Plaintiff's deposition scheduled for
October 11, 2007 be delayed or continued until such documents are produced.

                                              Respectfully submitted,

                                              Edward P. Kelly

cc: Kerry Brennan, Esq.
Counsel for Plaintiff Ventura Foods, LLC
Via fax and e-mail
Kerry.Brennan@Pilsburylaw.com

John Luther, Esq.
Amanda Roach, Esq.
Ladas & Parry
Attorneys for
Defendants Supreme Oil Company