John P. Luther (JL 9588)
Amanda M. Roach (AR 4758)
Ladas & Parry LLP
224 S. Michigan Avenue, Suite 1600
Chicago, IL 60604
312-427-1300 (PH)
312-427-6663 (F)

Edward P. Kelly (8340)
Tiajoloff & Kelly
The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212 -490-3285 (PH)
212-490-3295 (F)
epk@patentadvance.com

Attorneys for Defendant
SUPREME OIL COMPANY, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

VENTURA FOODS, LLC          :

                         :         Case No. 07 CV 7338

          Plaintiff,    :

                         :         Honorable Judge P. Kevin Castel

       -against-       :

                         :

SUPREME OIL COMPANY    :
INCORPORATED a.k.a.
ADMIRATION FOODS,       :

                         :

          Defendant.  :

                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM IN SUPPORT OF APPLICATION TO SEAL

Defendant Supreme Oil Company, ("Supreme") requests permission to seal

Exhibit G to Defendant's Memorandum In Opposition to Plaintiff's Motion For a

Preliminary Injunction.  Plaintiff Ventura in requesting  permission to seal Exhibit J to

Defendant's Memorandum In Opposition to Plaintiff's Motion For a Preliminary Injunction and page 20 of Defendant's Memorandum to the extent that it summarizes or discloses the substance of Exhibit J or pages 31 to 34 of the deposition testimony of Terry Splane, Plaintiff's Vice President of Marketing taken October 11, 2007. All of these items, namely Exhibit G, J and pages 31-34 of the Splane deposition have been designated by the parties as Confidential-Attorneys Eyes Only" in accordance with the September 28, 2007 Stipulation and Order for the Production and Exchange of Confidential Information ("9/28/07 Stipulation and Order") and this Court's subsequent order regarding the sealing of documents. The documents the parties seek to seal are contained in the courtesy copy of Defendant's Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction hand delivered to the Court on October 19, 2007.

Supreme submits the accompanying Declaration Attesting to Confidentiality of certain documents marked "Confidential-Attorneys' Eyes Only," and Ventura submits the declaration of Terry Splane in support of this motion to seal.

On September 28, 2007, the parties filed a stipulated protective order with the Court. The stipulation provides that in "connection with discovery proceedings in the Litigation, any party may designate any document, material or information" as "Confidential," "Strictly Confidential" or "Confidential-Attorneys' Eyes Only". 9/28/07 Stipulation and Order.

2. The Stipulation further provides:

> If documents, material (including portions of deposition transcripts) or other information designated as 'Confidential,' 'Strictly Confidential' or 'Confidential-Attorneys' Eyes Only' pursuant to any of the provisions hereof are to be included in any papers to be filed in court, such papers shall be labeled as 'Confidential Subject to Court Order' or such other similar labeling as the Court may require and filed under seal if allowed to do so by the Court.

*Id.* 8.

> In approving the stipulation, the Court added the following:
>
> [N]o document may be filed with the Clerk under seal without a further Order of this Court. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *United States v. Amodeo*,

44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") and *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 119-120 (2d Cir. 2006).

9/28/07 Stipulation and Order

Pursuant to the parties' stipulation, counsel for Plaintiff Ventura produced documents VF 00057-VF00066 which are business documents listing Ventura's distributors, and which are annexed to Defendant's Memorandum In Opposition to Plaintiff's Motion for A Preliminary Injunction as Exhibit J. Plaintiff designated these documents as "Confidential Attorneys Eye Only" because they constitute highly sensitive trade secrets and proprietary information of which disclosure would harm Ventura. ( See Declaration of Splane, paragraph 3) .

Defendant Supreme produced document S0 100195 which is a listing of Defendats' sales relating to its Mega Fry oil product and which Defendant designated "Confidential Attorneys Eyes Only" on the ground that it is highly sensitive business information (This document is Exhibit G to Defendant's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction).

Counsel for Ventura also designated pages 31 to 34 of the deposition transcript of Terry Splane, taken October 11, 2007 as "Confidential-Attorneys' Eyes Only". These pages contain information regarding Exhibit J to Defendant's Memorandum in Opposition To Plaintiff's Motion for A Preliminary Injunction. Ventura seeks the sealing of page 20 of Defendant's Memorandum which refers to, summarizes, or reveals the substance of pages 31-34 of the Splane deposition and exhibit J of Defendant's Memorandum on the ground that this page would also reveal highly sensitive information and result in a disadvantage to Ventura.

The standard for granting a motion to file under seal is that the factors in favor of sealing must outweigh the presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 120 (2d Cir. 2006). Factors that have satisfied this standard of good cause in the past include the protection of confidential commercial information and the privacy interests of involved parties. *United States v. Amodeo*, 44 F. 3d 141, 147 (2d Cir. 1995) ("Amodeo I"). The presumption is less

compelling where the documents to be filed do not determine a final adjudication or are tangential to the Court's exercise of its core judicial duties. *Lugosch*, 435 F. 3d at 121.

Where parties have entered into a confidentiality stipulation, the designation of a document as confidential is subject to the Court's review. *Loussier v. Universal Music Group, Inc.*, 214 F.R.D. 174, 176 (S.D.N.Y. 2003). The moving party must provide factual evidence that satisfies the standard for motions to file under seal and demonstrates valid concerns about confidentiality. *Id.* at 176-77. Parties may not use confidentiality stipulations to seal documents indiscriminately, but rather only those that present legitimate privacy concerns. *Lachica v. City of New York*, No. 94 Civ. 7379, 1995 WL 77928, at *1 (S.D.N.Y. Feb. 23, 1995).

Supreme represents that the information contained in exhibit G is a confidential trade secret and d other proprietary business information, the disclosure of which would harm Supreme's business. Ventura represents that the information contained in Exhibit J namely distributor lists are confidential trade secrets and confidential information which if disclosed would harm Ventura.

The sealing of confidential commercial information has outweighed the presumption in favor of public access where disclosure would jeopardize a business's ability to compete. *See In re Nat'l Broad. Co.*, 653 F. 2d 609, 613 (D.C. Cir. 1981) (courts have refused to permit their files to serve as "sources of business information that might harm a litigant's competitive standing"). Further, both oparties' submission affects only a preliminary injunction, and preliminary relief does constitute "final adjudication" of a claim. *Unite Here. Cintas Corp.*, 500 F. Supp. 2d 332, 337 (S.D.N.Y. 2007).

For the foregoing reasons, Supreme and Ventura respectfully requests that the Court grant this application to seal.

Dated: October 24, 2007

Tiajoloff & Kelly

Edward P. Kelly (8340)
Attorneys for Defendant Supreme Oil Company

The Chrysler Building 37th floor
405 Lexington Avenue.
New York, New York 10174
212 -490-3285 (PH)
212-490-3295 (F)
epk@patentadvance.com

John Luther (JL 9588)
Amanda M. Roach (AR 4758)
Attorneys for Defendant Supreme
Oil Company

Ladas & Parry LLP
224 S. Michigan Ave.
Chicago, IL.  60604.
312 427-1300 (PH)
312 427- 6663 (F)
jluther@ladas.net
Amanda.Roach@ladas.net