PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1723
Kerry A. Brennan (KB-2400)

Attorneys for Plaintiff
VENTURA FOODS, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENTURA FOODS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>SUPREME OIL COMPANY,<br>INCORPORATED a.k.a. ADMIRATION<br>FOODS,<br><br>                Defendant. | 07 CV 7338 (PKC) (MHD) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
CONFIDENTIAL SETTLEMENT COMMUNICATIONS FROM DEFENDANT
SUPREME OIL COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION
AND 9/11/07 LEFFLER DECLARATION**

Plaintiff Ventura Foods, LLC ("Ventura") hereby files this motion to strike from the Defendant Supreme Oil Company's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction and the 9/11/07 Declaration of Michael Leffler those portions that refer to the content of confidential settlement negotiations between Ventura and defendant Supreme Oil Company, Incorporated a.k.a. Admiration Foods ("Supreme"). Ventura submits the accompanying 10/25/07 Declaration of Kerry A. Brennan ("Brennan Decl.") in support of this motion.

## BACKGROUND

For several months prior to the filing of Ventura's application for a preliminary injunction, Ventura and Supreme engaged in confidential settlement negotiations. Brennan Decl. ¶ 5. In its first communication with this Court, a letter dated August 30, 2007, Supreme improperly disclosed the content of certain of these confidential settlement negotiations. *See* Brennan Decl. Ex. 1 (Supreme's 8/30/07 Letter to Court). Ventura's counsel brought Supreme's disclosure of this confidential information to the attention of this Court and opposing counsel. *See* Brennan Decl. Ex. 2 (Ventura's 9/14/07 Letter to Court).

On October 15, 2007, Supreme served upon Ventura a Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, accompanied by the Declaration of Michael Leffler dated September 11, 2007. *See* 10/15/07 Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition Memorandum") and Brennan Decl. Ex. 3 (highlighted copy of 9/11/07 Declaration of Michael Leffler). The Opposition Memorandum and Leffler Declaration reveal the substance of the parties' confidential settlement negotiations and should not have been disclosed to the Court. *See* Brennan Decl. Ex. 4 (highlighted excerpt of the Opposition Memorandum); Brennan Decl. Ex. 3. The portions of these documents that contain

the confidential information are identified in the highlighted copies accompanying the Brennan Declaration. *Id.*

## ARGUMENT

It is appropriate for this Court to strike all references to the confidential settlement negotiations that are contained in the Opposition Memorandum and Leffler Declaration. Courts generally strike portions of pleadings or other documents that contain confidential materials. *See Johnson v. America Online, Inc.*, 280 F. Supp. 2d 1018, 1027 (N.D. Cal. 2003) (granting a motion to strike attachments to supplemental brief containing copy of mediation brief and relying on information contained therein because of confidentiality reasons and the fact that the parties agreed not to use them in litigation); *Greil v. Geico*, 184 F. Supp. 2d 541, 544-45 (N.D. Tex. 2002) (court struck submissions of mediation settlement agreement as evidence and all references to its contents contained in brief); *Whitehead v. Gateway Chevrolet*, No. 03C5684, 2004 WL 316413, at *4 (N.D. Ill. Feb. 2, 2004) ("Allegations in a complaint predicated on confidential information in violation of a protective order may be stricken.").

In addition, pursuant to Rule 408 of the Federal Rules of Evidence, evidence of settlement negotiations is inadmissible where parties have sought to introduce this evidence for an impermissible purpose, such as proving the validity of a disputed claim. *Inline Connection Corp. v. AOL Time Warner, Inc.*, No. C.A. 02-272, 2007 WL 174168, at *7 (D. Del. Jan. 23, 2007) (defendants' argument for admission as providing a "reality check" is directly contrary to FRE 408 which bars evidence when it is offered to prove the validity or *amount* of a disputed claim) (emphasis in original); *Commodity Futures Trading Com'n v. Rosenberg*, 85 F. Supp. 2d 424 (D. N.J. 2000) (court refused to parse through tapes and transcripts of conversations between broker and investor to determine which were admissible to prove "good faith" of negotiations;

3

court concluded that all tapes were within the sweep of the evidentiary rule [FRE 408] generally excluding evidence of offers to compromise); *Philadelphia Church of Our Savior v. Concord Township*, No. Civ.A. 03-1766, 2004 WL 1824356, at *3 (E.D. Pa. July 27, 2004) (court would not allow party to amend complaint to use evidence of settlement discussions where such use would go towards proving liability under the complaint).

Supreme introduces evidence arising from the confidential settlement negotiations for the purpose of challenging the validity of Ventura's claim of trademark and trade dress infringement. *See* Brennan Decl. Ex. 4. This attempt to disprove the validity of Ventura's claim is an impermissible purpose under Rule 408. Accordingly, all references to information derived from the confidential settlement negotiations should be stricken from Supreme's Opposition Memorandum and the Leffler Declaration.

**WHEREFORE**, the Plaintiff, respectfully requests that the Court enter an Order striking the portions of the Opposition Memorandum and Leffler Declaration that refer to the confidential settlement negotiations, as highlighted in the copies of those documents attached to the Brennan Declaration.

Dated:   October 25, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: *Kerry A. Brennan*
Kerry A. Brennan (KB-2400)
1540 Broadway
New York, NY 10036-4039
(212) 858-1000

Attorneys for Plaintiff
Ventura Foods, LLC

4