PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1000
Kerry A. Brennan (KB-2400)

Attorneys for Plaintiff
VENTURA FOODS, LLC

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| VENTURA FOODS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>SUPREME OIL COMPANY,<br>INCORPORATED a.k.a. ADMIRATION<br>FOODS,<br><br>            Defendant. | 07 CV 7338<br><br><br><br>**CONSENT DECREE** AND ORDER<br>                                           /s/ PKC |

This action having come before the Court on the pleadings and proceedings of record, it is now represented to the Court by the Parties that Plaintiff Ventura Foods, LLC ("Ventura Foods"), and Defendant Supreme Oil Company, Incorporated a.k.a. Admiration Foods ("Supreme"), entered a Confidential Settlement Agreement, dated as of November 9, 2007 with the desire to avoid further litigation and have reached agreement, without trial, adjudication or findings, and without admission as to liability, of any issue of law or fact herein; for the resolution, settlement and dismissal of this Action. The parties hereby request that the Court execute and enter this Consent Decree and that this Consent Decree constitute a judgment binding on all parties to this Action.

WHEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.     Supreme has provided to Ventura Foods for approval a depiction of a container and a label to be used by Supreme on or in connection with Liquid Shortening Products (as defined in paragraph 2(e) below). A color copy of such container and label is depicted in Exhibit A annexed hereto. Ventura Foods will not challenge, or object to, Supreme's use of the depiction affixed hereto as Exhibit A for any Liquid Shortening Products or edible oils featuring the MEGAFRY or MEGA FRY mark or Supreme's use of a plastic container for such products featuring any Pantone PMS color other than those set forth in Exhibit D annexed hereto.

2.     Supreme and its officers, agents, servants, employees, successors, assigns, subsidiaries and affiliates, and all persons in active concert or participation with them, are hereby enjoined and restrained from:

(a) Using a hyphen in the trademark MEGAFRY or MEGA FRY for Liquid Shortening Products or edible oil products, i.e. Supreme is enjoined and restrained from using MEGA-FRY (with a hyphen) as a trademark, trade name or any other name or term for Supreme's Liquid Shortening Products and related business or any other product;

(b) Using the trademark or trade dress contained in U.S. Trademark Application Serial No. 7882774 (attached hereto as Exhibit B) except to the extent explicitly provided for herein;

(c) Using Ventura Foods' MEL-FRY® mark, or any colorable imitation of the MEL-FRY® mark, in or as any trademark or name, domain name, or in any other manner for any product or service or related business;

(d) Using Ventura Foods' MEL-FRY® trade dress (consisting of its yellow (Pantone Number PMS 1215C)) plastic containers, color arrangement, and the basket together with potatoes design features of the label) (a picture of the MEL-FRY® trade dress is attached hereto as Exhibit C) or any colorable imitation of such MEL-FRY® trade dress, in connection with any goods or services;

(e) Using yellow as the color of a plastic container for any Liquid Shortening Products as depicted in the Pantone Formula Guide, Solid Coated, Third Edition 2005-2006 and listed on Exhibit D annexed hereto. As used herein, the term "Liquid Shortening Products" means a fractionated, partially hydrogenated or vegetable oil marketed for deep frying, or any product labeled as 'liquid shortening' excluding corn oil, pan and grill (or griddle), margarines, butters, mayonnaises and salad oils (not marketed for deep frying). The restriction set forth in this paragraph relates solely to the plastic container for Liquid Shortening Products and shall not be construed as a restriction in connection with labels affixed to such containers, inserts that may be distributed with such products or the outside packaging used for shipment of such products;

(f) Using Ventura Foods' slogan "The Long-Lasting Liquid Frying Shortening" or "The Long Lasting Frying Oil" in connection with Liquid Shortening Products provided, however, Supreme may use the slogan "Our Longest Lasting Frying Oil" in connection with any Liquid Shortening Products; and

(g) Further prosecuting any application for the original MEGA-FRY label contained in U.S. Trademark Application Serial No. 7882774 in any jurisdiction.

3. Supreme shall destroy within twenty (20) days of the Effective Date of the Confidential Settlement Agreement all containers, packaging and advertising materials featuring the MEGA-FRY label and trade dress set forth in U.S. Trademark Application Serial No. 7882774 or such other containers, packaging and advertising materials as would otherwise be prohibited pursuant to this Consent Decree, and Supreme shall cause any subsidiaries, affiliates, or entities who manufacture, market, distribute or sell its products to destroy such containers, packaging and advertising materials as provided herein. Supreme shall certify to such destruction in writing. A mutually agreed upon third party arbitrator, at Supreme's expense, shall have an opportunity to inspect each of Supreme's offices and any premises at which such containers, packaging, products, and advertising featuring the trademark, and trade dress for, MEGAFRY or MEGA FRY, are developed or made, during normal business hours within thirty (30) days following written certification by Supreme of destruction in compliance with this Consent Decree for purposes of certifying that such materials have been destroyed. Such third party arbitrator shall issue a written report to Ventura Foods and Supreme within five (5) business days after the inspection.

4. Supreme agrees that the Court shall grant Ventura's motion to strike from the record all portions of Supreme's briefs, affidavits and other papers submitted in these proceedings that discuss, refer to, quote and/or attach settlement communications that took place prior to and during this Action relating to the subject of this Action, and the parties further agree that all settlement communications prior to and during this Action relating to this Action: shall be maintained as confidential settlement communications, shall not be used for any purpose and shall not be disclosed to any third party for any purpose.

5. Any notices required or communications made pursuant to or associated with this Agreement shall be sent via facsimile and overnight courier to Ventura Foods:

>Mr. Daniel McCarrel
>Vice President/Associate General Counsel
>Ventura Foods, LLC
>40 Pointe Drive
>Brea, CA 92821-3698
>Fax: (714) 257-4012

      with a copy to:

           Richard Kirkpatrick, Esq.
           Kerry A. Brennan, Esq.
           Pillsbury Winthrop Shaw Pittman LLP
           50 Fremont Street
           San Francisco, CA 94105-2228
           Mailing Address:
           P.O. Box 7880
           San Francisco, CA 94120
           Fax: (415) 983-1200

to Supreme:

           Mr. Michael Leffler
           President
           Supreme Oil Company
           80 South Dean Street
           Englewood, NJ  07631

      with a copy to:

           John P. Luther, Esq.
           Amanda M. Roach, Esq.
           Ladas & Parry LLP
           224 S. Michigan Avenue, Suite 1600
           Chicago, IL  60604
           Fax: (312) 427-6668

      6.    Upon compliance with the Confidential Settlement Agreement, a Stipulation of Dismissal of the Complaint with prejudice shall be filed and entered by the Court.  Each party shall bear its own costs and attorneys fees in connection with this Action, the entry of this Consent Decree and the Confidential Settlement Agreement.

7.  At the request of and with the consent of the parties, this Court shall retain jurisdiction over this matter and the parties for the purpose of enforcement of the Consent Decree and for purposes of resolving any dispute arising out of the Confidential Settlement Agreement.

Dated: New York, New York

11/08, 2007

VENTURA FOODS, LLC

By: _____
Daniel McCarrel, Vice President/
Associate General Counsel
40 Pointe Drive
Brea, CA 92821-3698

SUPREME OIL COMPANY
INCORPORATED a.k.a.
ADMIRATION FOODS

By: _____
Michael Leffler, President
80 South Dean Street
Englewood, NJ 07631

Upon the settlement of this action, the action is dismissed subject to the right of either party to reinstate the action by letter to the Court, filed on or before December 21, 2007.

SO ORDERED.

Enter:

_____
UNITED STATES DISTRICT JUDGE

7. At the request of and with the consent of the parties, this Court shall retain jurisdiction over this matter and the parties for the purpose of enforcement of the Consent Decree and for purposes of resolving any dispute arising out of the Confidential Settlement Agreement.

Dated: New York, New York

_____, 2007

VENTURA FOODS, LLC

By: _____
Daniel McCarrel, Vice President/
Associate General Counsel
40 Pointe Drive
Brea, CA 92821-3698

SUPREME OIL COMPANY
INCORPORATED a.k.a.
ADMIRATION FOODS

By: *[signature]*
Michael Leffler, President
80 South Dean Street
Englewood, NJ 07631

Enter:

_____
UNITED STATES DISTRICT JUDGE